# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JAMES D. NICKERSON**
**PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS**

NMCCA 201500420
SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 28 September 2015.
**Military Judge:** LtCol B.E. Kasprzyk, USMC.
**Convening Authority:** Commanding Officer, Headquarters and Support Battalion, Marine Corps Installations West, Marine Corps Base, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez, USMC.
**For Appellant:** CDR Robert Evans,Jr., JAGC, USN.
**For Appellee:** Maj Suzanne Dempsey, USMC; LT Jetti Gibson, JAGC, USN.

**28 July 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of a six-month unauthorized absence terminated by apprehension in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The convening authority (CA) approved the adjudged sentence of six months' confinement, reduction to pay grade E-1, and a bad-conduct discharge, but suspended all confinement in excess of 60 days in accordance with a pretrial agreement.

The appellant asserts that he was prejudiced when an addendum to the staff judge advocate's recommendation (SJAR) was served on his trial defense counsel (TDC) three days after the CA acted on the sentence. We disagree. We are satisfied that the findings and sentence are correct in law and fact and find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

## BACKGROUND

On 28 September 2015, the appellant's TDC submitted a post-trial clemency request seeking disapproval of both the punitive discharge and all confinement in excess of 45 days.[1] On 16 November 2015, the staff judge advocate (SJA) signed the original SJAR, which failed to address the previously submitted clemency request. Instead, the SJAR stated, "[p]ost-trial matters by the defense will be provided when received."[2]

The TDC acknowledged receipt of the SJAR on 19 November 2015 and informed the SJA, "I have already submitted matters on 29 [sic] September 2015, and I do not have additional matters to submit in accordance with R.C.M. 1105."

On 24 November 2015, the SJA signed an addendum to his SJAR enclosing the defense's clemency request of 28 September 2015 and advising that the enclosure was "not referenced or provided in" the SJAR due to an unspecified "administrative error."[3] The addendum also stated, "[b]ecause new matters have been raised by this addendum, the defense has been provided the opportunity to submit additional comments."[4]

The CA took final action on the court-martial on 14 December 2015. The TDC acknowledged receipt of the SJAR Addendum on 17 December 2015, and stated that he had no matters to submit in response to the addendum.

## DISCUSSION

"When new matter is introduced after the accused and counsel for the accused have examined the recommendation . . . the accused and counsel for the accused must be served with the new matter and given 10 days from service of the addendum in which to submit comments." RULE FOR COURTS-MARTIAL 1106(f)(7), Manual for Courts-Martial, United States (2012). The appellant argues that the SJAR addendum contained new matter, relying simply on the fact that the SJA said the addendum contained new matter. The appellant also argues that the mention of the unspecified "administrative error" is a misleading new matter, necessitating an opportunity to respond.[5]

---

[1] Clemency Request, Encl. (1) at 1.

[2] SJAR at 1.

[3] SJAR Addendum at 1.

[4] *Id.*

[5] Appellant's Brief 16 Feb 2016 at 11-12.

2

"The question [of] whether an SJA's comments constitute new matter is a question of law that we review *de novo*." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (citation omitted). New matter is material from outside the record of trial which injects issues not previously discussed in the record. Providing new matter to the CA without timely notification to the appellant is presumptively prejudicial error, but, the error can be harmless if the information is "neutral" or 'so trivial' as to be nonprejudicial." *Id.* At the core of post-trial practice is the notion of fair play, specifically giving the defense "notice and an opportunity to respond." *United States v. Leal*, 44 M.J. 235, 237 (C.A.A.F. 1996).

The addendum only forwarded the defense clemency request for the CA's consideration with a brief explanation for why the clemency request had not been enclosed in the SJAR.[6] As a result the defense was already on notice of the matter contained in the addendum. The addendum contained nothing new, and the information contained therein was not erroneous, inadequate, or misleading. We thus find that it did not contain new matter. *See United States v. Burgess*, No. 200900521, 2010 CCA LEXIS 472, unpublished op. (N.M.Ct.Crim.App. 28 Jan 2010).

Even assuming *arguendo* that new matter was introduced, the appellant failed to demonstrate he was prejudiced by the error. To demonstrate prejudice, an appellant "must articulate 'what, if anything, would have been submitted to deny, counter, or explain the new matter.'" *United States v. Thomas*, 60 M.J. 521, 533 (N-M. Ct. Crim. App. 2004) (quoting *Chatman*, 46 M.J. at 323-24). Although the appellant offers examples of what could have been submitted, the potential submissions do nothing to "deny, counter, or explain" the information enclosed in the addendum. The appellant has failed to make a colorable showing of possible prejudice, and we find this assignment of error without merit.

## CONCLUSION

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[6] SJAR Addendum at 1.